[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Patricia Putzig complains that the defendants, a professional corporation duly organized and existing in the State of Connecticut, are engaged in the practice of accounting in Stamford, Connecticut. The defendant William J. Arnone, CPA, ("Arnone") at all times material hereto, was a licensed certified public accountant practicing accounting in Stamford, Connecticut; holds himself out to the public as being skilled and trained in the practice of accounting; and, personally performed such services on behalf of the plaintiff.
At all times the defendant Arnone was a member of the professional corporation and held himself out to the public as a general partner of said corporation. The plaintiff engaged the defendants to perform accounting and tax services for her and her business interest for a period of more than six years. The defendant was hired to comply with all state and federal income tax laws, statutes and regulations and any matter of tax consequences. The plaintiff compensated the defendants for all services and supplied all materials necessary for the defendant to perform his professional duty.
There was a sale of a New York State partnership known as Happy Day Kennels located in New York State for the tax year 1989. The defendants failed to file a tax return with the State of New York for the years 1989 through 1994 inclusive and were advised by the State of New York on several occasions that the plaintiff was delinquent in filing her tax returns of the partnership interest. Despite many requests to the defendant to file tax returns, the defendant ignored the plaintiff's request.
As a result of this negligence, the plaintiff was precluded from claiming credit on her Connecticut tax returns for taxes due and payable to the State of New York because the tax returns could no longer be amended to reflect such credit. The plaintiff incurred interest and penalties imposed by the State of New York because of the failure to file said returns.
The court finds that in order for the plaintiff to prevail in a malpractice case, the plaintiff must establish through expert testimony both the standard of care and the fact that the defendant's conduct did not measure up to that standard. Pisel v.Stamford Hospital, 180 Conn. 314, 334, 430 A.2d 1 (1980).
The court finds in every professional malpractice action, the plaintiff is required to prove that (1) the defendant was CT Page 5496-LLL obligated to conform to a recognized standard of care, (2) the defendant deviated from that standard, (3) the plaintiff suffered some injury, and (4) the defendant's act in departing from the standard of care caused the plaintiff's injury. Pisel v. StamfordHospital, supra.
The allegations in the plaintiff's complaint take the form of a classic malpractice action. We have noted: "Malpractice is commonly defined as `the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services. . . .' Webster, Third New International Dictionary; Black's Law Dictionary (5th Ed. 1979)." Barnes v. Schlein,192 Conn. 732, 735, 473 A.2d 1221 (1984).
The court finds for the plaintiff and awards the following:
1. Lost Connecticut tax credit plus interest.
2. Legal expenses incurred by the plaintiff.
3. Costs of the action.
Philip E. Mancini, Jr., Judge